UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

MARIANNE THORNTON,                  )
                                    )  No. CV-05-0305-MWL
          Plaintiff,                )
                                    )  ORDER GRANTING PLAINTIFF'S
v.                                  )  MOTION FOR SUMMARY JUDGMENT
                                    )
JO ANNE B. BARNHART,                )
Commissioner of Social              )
Security,                           )
                                    )
          Defendant.                )
                                    )

BEFORE THE COURT are cross-motions for summary judgment, noted for hearing without oral argument on May 30, 2006. (Ct. Rec. 12, 18). Plaintiff Marianne Thornton ("Plaintiff") filed a reply brief on May 19, 2006. (Ct. Rec. 20). Attorney Maureen J. Rosette represents Plaintiff; Special Assistant United States Attorney Franco L. Becia represents the Commissioner of Social Security ("Commissioner"). The parties have consented to proceed before a magistrate judge. (Ct. Rec. 7). After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment (Ct. Rec. 12), **DENIES** Defendant's Motion for Summary Judgment (Ct. Rec. 18), and **REMANDS** the case for further proceedings.

1

**JURISDICTION**

2    On June 11, 2002, Plaintiff protectively filed an application

3  for Supplemental Security Income ("SSI") benefits, alleging

4  disability since December 15, 1978, due to anxiety, panic attacks,

5  attention deficit disorder and hip pain.  (Administrative Record

6  ("AR") 72-75, 82).  At the December 28, 2004 administrative

7  hearing, Plaintiff agreed to amend the date of disability onset to

8  the date of the application, June 11, 2002.  (AR 16, 331).  The

9  application was denied initially and on reconsideration.

10   Plaintiff appeared before Administrative Law Judge R. J.

11 Payne ("ALJ") on February 19, 2004, and September 28, 2004, at

12 which time testimony was taken from Plaintiff and medical expert

13 Allen Bostwick, Ph.D.  (AR 306-351).  On October 18, 2004, the ALJ

14 issued a decision finding that Plaintiff was not disabled.  (AR

15 15-22).  The Appeals Council denied a request for review on

16 September 26, 2005.  (AR 6-9).  Therefore, the ALJ's decision

17 became the final decision of the Commissioner, which is appealable

18 to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff

19 filed this action for judicial review pursuant to 42 U.S.C. §

20 405(g) on October 5, 2005.  (Ct. Rec. 2).

21

**STATEMENT OF FACTS**

22   The facts have been presented in the administrative hearing

23 transcript, the ALJ's decision, and Plaintiff's and Defendant's

24 briefs and will only be summarized here.  Plaintiff was 49 years

25 old on the date of the ALJ's decision.  (AR 16).  She completed

26 high school and has no vocationally relevant past work experience.

27 (AR 16, 83).

28 ///

1    Plaintiff testified that the number one problem that prevents
2  her from working is her anxiety.  (AR 333).  However, she stated
3  that she does not receive treatment from a licensed psychiatrist
4  or psychologist because there are none located in the city where
5  she lives.  (AR 334).  She indicated that going into uncontrolled
6  environments makes her anxious, and her anxiety causes her to have
7  a "wound up" stomach that may result in vomiting.  (AR 345-346).
8  She also testified that she has had pain in her right hip for
9  seven years and takes hydrocodone for the pain.  (AR 337-338).

10    She indicated that she could walk about four to eight blocks
11 at a time with use of a walking stick.  (AR 335).  She stated that
12 she had no difficulty with standing, as long as she had her stick,
13 and could sit for half an hour to an hour.  (AR 336).  She
14 indicated that the stick was not a physical crutch but was for
15 moral support.  (AR 347).  She could lift a 20-pound bag of
16 potatoes one time and would not have a problem lifting a gallon of
17 milk or a small baby.  (AR 337).  She stated that she could squat
18 but that she could not bend over.  (AR 347).

19    Plaintiff testified that she has no normal sleep pattern and,
20 when the moon is full, she does not sleep for three days.  (AR
21 339).  During the day she likes to gather herbs.  (AR 339).  She
22 also sews, types, cooks and reads.  (AR 340).  Although she stated
23 that she does not like television, she indicated that the
24 television is always on during the day.  (AR 340).  She testified
25 that she shares the household chores with her husband and pulls
26 weeds in the summer.  (AR 341, 343).

27    Plaintiff stated that she used street drugs about eighteen
28 years prior to the administrative hearing and that her husband

currently had a prescription for marijuana which she occasionally smoked.  (AR 343-344).  She indicated that she smoked her husband's medical prescription marijuana about once a month.  (AR 344).

Medical Expert Allen Bostwick, Ph.D., also testified at the administrative hearing held on December 28, 2004.  (AR 318-329). Dr. Bostwick indicated that Plaintiff had been examined on four occasions and that she had displayed an invalid MMPI-II profile during two of those four exams.  (AR 318).  Dr. Bostwick noted that, despite the invalid MMPI profile on those two occasions, the examiners proceeded to improperly make diagnoses.  (AR 318-319). He opined that if Plaintiff was exaggerating her symptoms, it should have been considered and the diagnoses should have been made tentative.  (AR 319).  Dr. Bostwick noted that there was no history of mental health treatment, Drs. McRae and Arnold made diagnoses following invalid MMPI-2 scores and Dr. McKnight and Ashworth did not evidence a major depressive disorder or bipolar disorder.  (AR 321).  Dr. Bostwick indicated there was no consistent diagnosis throughout the record, but that the most consistent diagnosis has been anxiety-related disorders.  (AR 321-322).  He stated that "on the main, she has a personality disorder not otherwise specified." (AR 322).  He found that her activities of daily living have not been impaired, she has been independent, her functioning was very well, and she had mild difficulties in maintaining social functioning.  (AR 323).  He noted that she had no difficulties in maintaining concentration or persistence, mild difficulties with maintaining pace and no evidence of
///

1  decompensation.  (AR 324).  Dr. Bostwick opined that Plaintiff's
2  mental health condition was not severe.  (AR 324).
3                    **SEQUENTIAL EVALUATION PROCESS**
4       The Social Security Act (the "Act") defines "disability" as
5  the "inability to engage in any substantial gainful activity by
6  reason of any medically determinable physical or mental impairment
7  which can be expected to result in death or which has lasted or
8  can be expected to last for a continuous period of not less than
9  twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The
10 Act also provides that a Plaintiff shall be determined to be under
11 a disability only if any impairments are of such severity that a
12 Plaintiff is not only unable to do previous work but cannot,
13 considering Plaintiff's age, education and work experiences,
14 engage in any other substantial gainful work which exists in the
15 national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).
16 Thus, the definition of disability consists of both medical and
17 vocational components.  *Edlund v. Massanari*, 253 F.3d 1152, 1156
18 (9th Cir. 2001).
19      The Commissioner has established a five-step sequential
20 evaluation process for determining whether a person is disabled.
21 20 C.F.R. §§ 404.1520, 416.920.  Step one determines if the person
22 is engaged in substantial gainful activities.  If so, benefits are
23 denied.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If
24 not, the decision maker proceeds to step two, which determines
25 whether Plaintiff has a medically severe impairment or combination
26 of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii),
27 416.920(a)(4)(ii).
28 ///

If Plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares Plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, Plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents Plaintiff from performing work which was performed in the past. If a Plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, Plaintiff's residual functional capacity ("RFC") assessment is considered. If Plaintiff cannot perform this work, the fifth and final step in the process determines whether Plaintiff is able to perform other work in the national economy in view of Plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon Plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once Plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden

then shifts, at step five, to the Commissioner to show that (1) Plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).

///

///

On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

The ALJ found at step one that Plaintiff has not engaged in substantial gainful activity since the alleged onset date. (AR 16). At step two, the ALJ found that Plaintiff has the severe impairments of physical sprains/strains, but that she does not have an impairment or combination of impairments listed in or medically equal to one of the Listings impairments. (AR 19). The ALJ specifically indicated that Plaintiff's mental impairments (a anxiety related disorder, a personality disorder, and a history of

a substance addiction disorder) do not impose more than minimal limitations on her ability to perform work-related functions and therefore are not severe impairments.  (AR 19).

The ALJ concluded that Plaintiff has the RFC to perform a full range of medium level exertion or that she is capable of occasionally lifting less than 50 pounds, frequently lifting or carrying 25 pounds, sitting intermittently and standing/walking for six hours in an eight-hour workday, and having good use of the arms and hands for grasping, holding and turning objects.  (AR 20).

At step four of the sequential evaluation process, the ALJ found that Plaintiff has no past relevant work.  (AR 20).  At step five, the ALJ determined that, based on Plaintiff's RFC, age, education, and work experience, the Medical-Vocational Guidelines ("Grids") Rule 203.28 directed that Plaintiff was not disabled within the meaning of the Social Security Act.  (AR 20-21).

## ISSUES

Plaintiff contends that the Commissioner erred as a matter of law.  Specifically, she argues that the ALJ improperly relied on the testimony of the medical expert, Dr. Bostwick, over the opinions of physicians who treated and examined Plaintiff to find that Plaintiff did not have a severe mental impairment.

This Court must uphold the Commissioner's determination that Plaintiff is not disabled if the Commissioner applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision.

///

///

**DISCUSSION**

Plaintiff contends that the ALJ improperly concluded that Plaintiff did not have a severe mental impairment (Ct. Rec. 13, p. 8). Plaintiff asserts that the ALJ erred by relying on the testimony of the medical expert over the opinions of Plaintiff's treating and examining physicians. (Ct. Rec. 13, pp. 8-13). The Commissioner responds that the ALJ properly considered and addressed the medical evidence of record and properly determined the severity of Plaintiff's impairments. (Ct. Rec. 19, pp. 5-16).

The regulations, 20 C.F.R. §§ 404.1520(c), 416.920(c), provide that an impairment is severe if it significantly limits one's ability to perform basic work activities. An impairment is considered non-severe if it "does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521, 416.921. Plaintiff has the burden of proving that she has a severe impairment. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 423(d)(1)(A), 416.912. In order to meet this burden, Plaintiff must furnish medical and other evidence that shows that she is disabled. 20 C.F.R. § 416.912(a). In the absence of objective evidence to verify the existence of an impairment, the ALJ must reject the alleged impairment at step two of the sequential evaluation process. SSR 96-4p.

In this case, the ALJ concluded that Plaintiff has severe impairments due to physical sprains/strains. (AR 19). However, the ALJ evaluated the evidence of record, considered the hearing testimony of Plaintiff and the medical expert, and concluded that Plaintiff did not have a severe, medically determinable mental impairment. (AR 19). In making this determination, the ALJ

relied on the assessment of the medical expert, Dr. Bostwick, finding that his assessment accurately reflected the evidence of record. (AR 18-19). In making his RFC determination, the ALJ concurred with Dr. Bostwick and specifically concluded that the opinions of Drs. Arnold, McRae, Ashworth, and McKnight were not persuasive evidence that Plaintiff suffered from a severe medically determinable mental impairment. (AR 18-19).

The courts distinguish among the opinions of three types of physicians: treating physicians, physicians who examine but do not treat the claimant (examining physicians) and those who neither examine nor treat the claimant (nonexamining physicians). *Lester v. Chater,* 81 F.3d 821, 839 (9th Cir. 1996). A treating physician's opinion is given special weight because of his familiarity with the claimant and her physical condition. *Fair v. Bowen,* 885 F.2d 597, 604-05 (9th Cir. 1989). Thus, more weight is given to a treating physician than an examining physician. *Lester*, 81 F.3d at 830. However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 7474, 751 (9th Cir. 1989) (citations omitted).

The Ninth Circuit has held that "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Lester*, 81 F.3d at 830. Rather, an ALJ's decision to reject the opinion of a treating or examining physician, may be *based in part* on the testimony of a nonexamining medical advisor. *Magallanes*, 881 F.2d at 751-55; *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

- 11 -

The ALJ must also have other evidence to support the decision such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the physician's opinion. *Magallanes*, 881 F.2d at 751-52; *Andrews*, 53 F.3d 1042-43. Moreover, an ALJ may reject the testimony of an examining, but nontreating physician, in favor of a nonexamining, nontreating physician only when he gives specific, legitimate reasons for doing so, and those reasons are supported by substantial record evidence. *Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995).

On May 8, 2002, Clark D. Ashworth, Ph.D., wrote a letter regarding his psychological examination of Plaintiff. (AR 230-234). Dr. Ashworth stated that "[c]learly she is anxious." (AR 233). He diagnosed an Anxiety Disorder, NOS, with panic and some agoraphobic features, an Adjustment Disorder with depression and anxiety, and problems with primary support group and gave her a Global Assessment of Functioning ("GAF") score of 45.[1] (AR 233-234).

On September 12, 2002, Plaintiff was examined by Thomas McKnight, Ph.D. (AR 142-146). Dr. McKnight noted that Plaintiff reported a 20-year history of anxiety; however, other than a single visit at Stevens County Counseling, she denied mental health treatment. (AR 142-143). Although Dr. McKnight found no cognitive or psychological factors preclude Plaintiff from full time gainful employment, he diagnosed her with an anxiety

---

[1] A GAF of 50-41 reflects: "[s]erious symptoms (e.g., suicidal ideation, severe obsessive rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS-IV 32 (4th ed. 1994).

disorder, NOS, by self-report and psychological and environmental problems and gave her a GAF score of 70 to 75.[2]  (AR 145-146).

On April 21, 2003, John Arnold, Ph.D., evaluated Plaintiff. (AR 206-213).  Dr. Arnold noted that Plaintiff's MMPI-2 profile was judged invalid suggesting over reporting of psychopathology. (AR 208-209).  However, the doctor indicated that since her P-3 and MCMI-III profiles were interpretable, the remainder was a generally valid and reliable sample of her psychological functioning.  (AR 209).  He diagnosed bipolar disorder, NOS, undifferentiated somatoform disorder, rule out cannabis abuse/dependence, rule out posttraumatic stress disorder, schizotypal personality disorder (with borderline features), chronic pain by self-report and occupational/financial/social problems and gave Plaintiff a GAF score of 50.

Dr. Arnold also completed Medical Source Statement of Ability to Do Work-Related Activities (Mental).  (AR 212-213).  He noted that Plaintiff had several moderate and slight impairments and also had marked limitations in her ability to complete a normal workday or workweek, interact appropriately with the public, get along with co-workers and peers and respond appropriately to changes in the work setting.  (AR 212-213).  Dr. Arnold found that Plaintiff had "extreme" impairments with her abilities to work with or near others without distracting them, accept instructions and respond appropriately to criticism from supervisors and travel in unfamiliar places or use public transportation.  (AR 212-213).

---

[2]A GAF of 80-71 indicates: "If symptoms are present, they are transient and expectable reactions to psychosocial stressors . . .; no more than slight impairment in social, occupational, or school functioning."  DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS 32 (4th ed. 1994).

On January 21, 2004, Plaintiff's long-time treating physician, Daniel W. Moullet, M.D., wrote a letter to the division of disability determination services indicating his belief that Plaintiff was not suitable for the workplace. (AR 221). He indicated that he agreed with the assessments of both Drs. Ashworth and Arnold. (AR 221).

John F. McRae, Ph.D., examined Plaintiff on March 19, 2004. (AR 237-242). Dr. McRae noted that Plaintiff had been prescribed and had taken both anti-anxiety and antidepressant medications over the years and appeared quite anxious at the time of the appointment. (AR 237-238). Plaintiff displayed an exaggerated behavior and affect throughout the course of the evaluation. (AR 238). Dr. McRae noted that while Plaintiff is "somewhat anxious and does have repeated trips to medical providers because of anxiety, her level of symptoms seems somewhat elevated or exaggerated and perhaps disproportionate to her impression of her anxiety as you meet her." (AR 240). Dr. McRae's MMPI-2 also revealed an invalid profile suggestive of exaggeration, a plea for help or confusion during the test. (AR 241). However, Dr. McRae administered the "TOMM," which was given to determine whether Plaintiff was exaggerating her problems with her memory, and the results of the exam revealed that she was not exaggerating. (AR 240). It was noted that Plaintiff also gave good effort on the WMS-III with valid and reliable results. (AR 240). Dr. McRae ruled out bipolar disorder, NOS, and found a history of cannabis abuse, an anxiety disorder, NOS, and a personality disorder, NOS (schizotypal, histrionic, somatic and borderline features). (AR 241). He indicated that Plaintiff would be distracting to others,

particularly to individuals who meet her for the first time, and her dress, affective lability, anxious and, at times, distracted performance would significantly distract others in the work place. (AR 241). Dr. McRae opined that the public and at least some coworkers would find her distracting to be around and she would also be distracted by others with fearful apprehension that others would judge her poorly. (AR 241). He noted that her periodic anxiety and experience of pain, very likely in reaction to ordinary life stressors, would cause some inconsistency in her attendance at work and, at times, would be a disruption of her work place. (AR 241).

Although Dr. Bostwick opined at the administrative hearing that Plaintiff's mental health condition does not significantly limit her ability to perform work (AR 324), medical records from Plaintiff's other medical professionals of record, Drs. Ashworth, McKnight, Arnold, Moullet, and McRae, demonstrate that Plaintiff's psychological impairments are, however, severe impairments as defined by the Social Security Act. 20 C.F.R. §§ 404.1520(c), 416.920(c). The substantial weight of the record evidence does not support the opinions of Dr. Bostwick regarding Plaintiff's mental health. Accordingly, the ALJ erred by rejecting the above medical professional opinions in favor of the testimony of the medical expert in this case.

As noted above, an impairment is considered non-severe if it "does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521, 416.921. The undersigned finds that, contrary to the ALJ's determination, ///

Plaintiff has met her burden in this case by furnishing medical evidence that shows that she has a severe mental impairment, or a mental impairment which significantly limits her ability to perform basic work activities. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 423(d)(1)(A), 416.912. The ALJ erred by relying on the medical expert's testimony to find that Plaintiff did not suffer from a severe psychological impairment.

### CONCLUSION

Plaintiff argues that the ALJ's errors should result in this Court reversing the ALJ's decision and awarding benefits. (Ct. Rec. 13). The Court has the discretion to remand the case for additional evidence and finding or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). While it is apparent from the record that Plaintiff has severe mental impairments which the ALJ failed to assess in his decision, it is not clear from the record as it currently stands whether Plaintiff's severe physical and psychological impairments, either singly or in combination, would prevent her from performing substantial gainful employment. For example, following his examination and evaluation of Plaintiff, Dr. Ashworth opined that Plaintiff "likely would be a good candidate

///

///

///

for a teacher's aide job" (AR 234), and, as a result of Dr. McKnight's September 12, 2002 psychological evaluation, he opined that "[t]here are no cognitive or psychological factors that preclude Ms. Thornton from full time gainful employment, with some training" (AR 145).  Accordingly, in this case, further development is necessary to remedy defects and for a proper determination to be made.

On remand, the ALJ shall reassess Plaintiff's RFC, taking into consideration the medical reports of Drs. Ashworth, McKnight, Arnold, Moullet, and McRae, as well as any additional or supplemental medical evidence relevant to Plaintiff's claim for disability benefits.  The ALJ shall elicit the testimony of a new medical expert at a new administrative hearing to assist the ALJ in formulating his RFC determination.  Plaintiff's RFC assessment should thereafter be presented to a vocational expert in order to determine if she is capable of performing work existing in sufficient numbers in the national economy, despite her exertional and non-exertional limitations.  Accordingly,

**IT IS ORDERED:**

1.   Plaintiff's Motion for Summary Judgment (**Ct. Rec. 12**) is **GRANTED** and the above captioned matter is **REMANDED** for additional proceedings as outlined above and pursuant to sentence four of 42 U.S.C. § 405(g).

2.   Defendant's Motion for Summary Judgment (**Ct. Rec. 18**) is **DENIED.**

///

///

///

1      3.   Judgment shall be entered for **PLAINTIFF**.   An application

2  for attorney fees may be filed by separate motion.

3      4.   The District Court Executive is directed to enter this

4  Order, provide a copy to counsel for Plaintiff and Defendant, and

5  **CLOSE** the file.

6      **DATED** this ___22nd___ day of August, 2006.

7

8                              s/Michael W. Leavitt
                          MICHAEL W. LEAVITT
9                     UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28